1   MARK E. MILLER (S.B. #130200) – markmiller@omm.com
    MICHAEL SAPOZNIKOW (S.B. #242640) – msapoznikow@omm.com
2   ALEXANDER B. PARKER (S.B. #264705) – aparker@omm.com
    O'MELVENY & MYERS LLP
3   Two Embarcadero Center, 28th Floor
    San Francisco, California  94111-3823
4   Telephone:     (415) 984-8700
    Facsimile:      (415) 984-8701
5
    Attorneys for Plaintiff
6   DCG SYSTEMS, INC.

7   JOHN V. PICONE III (S.B. #187226) – jpicone@hopkinscarley.com
    GARY H. RITCHEY (S.B. #136209) – gritchey@hopkinscarely.com
8   JENNIFER S. COLEMAN (S.B. #213210) – jcoleman@hopkinscaley.com
    HOPKINS & CARLEY A LAW CORPORATION
9   The Letitia Building
    70 South First Street
10  San Jose, CA 95113

11  Mailing address:
    P.O. Box 1469
12  San Jose, CA 95109-1469
    Telephone:     (415) 984-8700
13  Facsimile:      (415) 984-8701

14  Attorneys for Defendant
    CHECKPOINT TECHNOLOGIES, LLC
15

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                  **SAN JOSE DIVISION**

19  DCG SYSTEMS, INC.,                    Case No.  5:11-cv-03792-PSG

20              Plaintiff,                **STIPULATED [~~PROPOSED~~]
                                          PROTECTIVE ORDER**
21       v.
                                          JUDGE:   HON. PAUL S. GREWAL
22  CHECKPOINT TECHNOLOGIES, LLC,

23              Defendant.

24

25

26

27

28

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.3 (Filing Protected Material), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of documents, information, or other items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  documents, information (regardless of how it is generated, stored or maintained), or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designated Code:  Material that has been designated HIGHLY CONFIDENTIAL – SOURCE CODE as defined in section 2.9, below.

2.5   Designating Party:  a Party or Non-Party that designates documents, information, or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6   Disclosure or Discovery Material:  all documents, information, or items, regardless of the medium or manner in which they were generated, stored, or maintained (including, among

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1  other things, testimony, transcripts, and tangible things), that are produced or generated in

2  disclosures or in response to discovery in this matter.

3       2.7  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

4  the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or

5  as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

6  competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

7  or of a Party's competitor.

8       2.8  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or</u>

9  <u>Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another

10  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

11  less restrictive means, including without limitation technical documentation such as schematics,

12  block diagrams, technical manuals, service manuals, and other highly sensitive technical

13  information, that do not fall within the ambit of "HIGHLY CONFIDENTIAL – SOURCE

14  CODE" as defined below, and further including without limitation sales, revenue, profit and loss,

15  and customer identity information.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" information or items" shall further include any materials, the dissemination of which a

17  party reasonably believes may be restricted under ITAR, defined below.

18       2.9  <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>:

19  information that falls within the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" information and that is formatted as computer code (e.g., C++ code), hardware

21  design language (HDL) or register transcription language (RTL) (e.g., Verilog), netlists (e.g.,

22  EDIF), integrated circuit layout data (e.g., GDSII), or printed circuit board layout data (e.g.,

23  Gerber files) that define or otherwise establish the algorithms or structure of software or hardware

24  designs may be marked "HIGHLY CONFIDENTIAL – SOURCE CODE."  Materials marked

25  "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not include descriptions or summaries of

26  the Designated Code, design specifications, schematics, flow charts, or block diagrams, nor shall

27  it include materials that appear in user manuals, technical manuals, service manuals,

28  presentations, or similar documents.

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

2.10    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    ITAR:  the United States regulations and laws that control the export and dissemination of defense-related articles and services.  These regulations and laws include the International Traffic in Arm Regulations (at Title 22, Chapter 1, Subchapter M of the Code of Federal Regulations) and the Arms Export Control Act.

2.12    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Material:  any Disclosure or Discovery Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

STIPULATED [PROPOSED] PROTECTIVE ORDER -- CASE NO. 5:11-CV-03792-PSG

1   unnecessarily encumber or retard the case development process or to impose unnecessary

2   expenses and burdens on other parties) expose the Designating Party to sanctions.

3        If it comes to a Designating Party's attention that information or items that it designated

4   for protection do not qualify for protection at all or do not qualify for the level of protection

5   initially asserted, that Designating Party must promptly notify all other parties that it is

6   withdrawing the mistaken designation.

7        5.2        <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order,

8   or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

9   protection under this Order must be clearly so designated before the material is disclosed or

10  produced.

11       Designation in conformity with this Order requires:

12       (a)        <u>for information in documentary form</u> (e.g., paper or electronic documents,

13  but excluding transcripts of depositions or other pretrial or trial proceedings):  that the Producing

14  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

16  Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

17  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

18  appropriate markings in the margins) and must specify, for each portion, the level of protection

19  being asserted.

20       A Party or Non-Party that makes original documents or materials available for inspection

21  need not designate them for protection until after the inspecting Party has indicated which

22  material it would like copied and produced.  During the inspection and before the designation, all

23  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

25  copied and produced, the Producing Party must determine which documents, or portions thereof,

26  qualify for protection under this Order.  Then, before producing the specified documents, the

27  Producing Party must affix the appropriate legend ("CONFIDENTIAL,"  "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1   CODE") to each page that contains Protected Material.  If only a portion or portions of the

2   material on a page qualifies for protection, the Producing Party also must clearly identify the

3   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

4   each portion, the level of protection being asserted.

5                  (b)     for testimony given in deposition or in other pretrial or trial proceedings:

6   that the Designating Party identify on the record, before the close of the deposition, hearing, or

7   other proceeding, all protected testimony and specify the level of protection being asserted.

8   When it is impractical to identify separately each portion of testimony that is entitled to protection

9   and it appears that substantial portions of the testimony may qualify for protection, the

10  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

11  is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

12  which protection is sought and to specify the level of protection being asserted.  Only those

13  portions of the testimony that are appropriately designated for protection within the 21 days shall

14  be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating

15  Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

16  that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

18         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

19  other proceeding to include Protected Material so that the other parties can ensure that only

20  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

22  shall not in any way affect its designation as "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL

23  – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

24         Transcripts containing Protected Material shall have an obvious legend on the title page

25  that the transcript contains Protected Material, and the title page shall be followed by a list of all

26  pages (including line numbers as appropriate) that have been designated as Protected Material and

27  the level of protection being asserted by the Designating Party.  The Designating Party shall

28  inform the court reporter of these requirements.  Any transcript that is prepared before the

expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items:  that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges:  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer:  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

2    forms of communication are not sufficient) within fourteen (14) days of the date of service of

3    notice.  In conferring, the Challenging Party must explain the basis for its belief that the

4    confidentiality designation was not proper and must give the Designating Party an opportunity to

5    review the designated material, to reconsider the circumstances, and, if no change in designation

6    is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

7    the next stage of the challenge process only if it has engaged in this meet and confer process first

8    or establishes that the Designating Party is unwilling to participate in the meet and confer process

9    in a timely manner.

10       6.3    Judicial Intervention:  If the Parties cannot resolve a challenge without court

11   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

12   Civil Local Rule 7 (and in compliance with Civil Local Rule 79 5, if applicable) within 21 days of

13   the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

14   process will not resolve their dispute, whichever is earlier.  Each such motion must be

15   accompanied by a competent declaration affirming that the movant has complied with the meet

16   and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to

17   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

18   shall automatically waive the confidentiality designation for each challenged designation.  In

19   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

20   time if there is good cause for doing so, including a challenge to the designation of a deposition

21   transcript or any portions thereof.  Any motion brought pursuant to this provision must be

22   accompanied by a competent declaration affirming that the movant has complied with the meet

23   and confer requirements imposed by the preceding paragraph.

24       The burden of persuasion in any such challenge proceeding shall be on the Designating

25   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

26   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

27   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

28   file a motion to retain confidentiality as described above, all parties shall continue to afford the

1  material in question the level of protection to which it is entitled under the Producing Party's

2  designation until the court rules on the challenge.

3  7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4      7.1  <u>Basic Principles</u>:  Protected Material that is designated protected by another Party

5  or by a Non-Party in connection with this case may be disclosed only to the categories of persons

6  and under the conditions described in this Order.  When the litigation has been terminated, a

7  Receiving Party must comply with the provisions of section 15 below (Final Disposition).

8      Protected Material must be stored and maintained by a Receiving Party at a location and

9  in a secure manner that ensures that access is limited to the persons authorized under this Order.

10      7.2  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

11  <u>Information or Items</u>:  Unless otherwise ordered by the court or permitted in writing by the

12  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to U.S. citizens and legal permanent

14  residents of the United States that fall within one or more of the following categories:

15      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

16  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

17  information for this litigation;

18      (b)  Experts of the Receiving Party (1) to whom disclosure is reasonably

19  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

20  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a) below, have

21  been followed;

22      (c)  the Court and its personnel;

23      (d)  court reporters and their staff, professional jury or trial consultants, and

24  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

25  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (e)  the author or recipient of a document containing the information or a

27  custodian or other person who otherwise possessed or knew the information; and

28

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, where at least one of the following conditions applies:

(i)      the witness is an employee of the Designating Party when the disclosure is made;

(ii)      the witness's name appears on the Protected Material as a person who has previously seen or received the material, or it is otherwise established that the witness has previously seen or received the Protected material or knows the information contained within it; or

(iii)      at least three business days before the deposition, the Party wishing to show the witness the Protected Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Protected Material to be shown, and the Designating Party fails to provide, within one business day of receipt of the notice, written objection to this use of the Protected Material. If a timely written objection is provided, the Protected Material identified in the written objection shall not be shown to the witness unless and until the party wishing to show that material to the witness moves for and obtains appropriate relief from the Court. Witnesses shown Protected Material under this section must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being shown the Protected Material. A copy of the witness's signed Acknowledgement must be provided to the Designating Party before the Protected Material is provided to the witness.

To establish whether a witness falls within category 7.2(f)(ii), limited portions of Designated Material may be disclosed to a witness as a foundation for questions regarding his or her previous knowledge of or access to the Designated Material. The Designated Material shall be marked and identified in the same manner as any other deposition exhibit, but no more of the Designated Material may be disclosed to the witness than is necessary to establish the witness's previous knowledge of or access to the Designated Material. If it is determined that the witness

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

does not fall into category 7.2(f)(ii) then the proposed exhibit will be withdrawn and will not be bound with any transcript of the deposition.

If a receiving party wishes to disclose a document or information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to an individual that is not a U.S. citizen or a legal permanent resident of the United States, the receiving party and the designating party shall meet and confer to discuss whether the designating party reasonably believes the document or information may be restricted under ITAR.  No disclosure to a foreign national shall be made absent the consent of the designating party or a court order.

7.3     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to (a) any person who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material pursuant to section 7.2 above, or (b) any person who is not a U.S. Citizen or legal permanent resident but who otherwise falls within one of the categories in section 7.2 above, or (c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts:

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any document, information, or other item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

employer(s), (5) identifies each person or entity from whom the Expert has received

compensation or funding for work in his or her areas of expertise or to whom the expert has

provided professional services, including in connection with any litigation, at any time during the

preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location

of court) any litigation in connection with which the Expert has offered expert testimony,

including through a declaration, report, or testimony at a deposition or trial, during the preceding

five years.

        (b)        Following a waiting period of fourteen (14) days after providing the

request to the Designating Party, a Party that makes a request and provides the information

specified in the preceding respective paragraphs may disclose the subject Protected Material to

the identified Expert unless, within those 14 days following the delivery the request, the Party

receives a written objection from the Designating Party.  Any such objection must set forth in

detail the grounds on which it is based.

        (c)        A Party that receives a timely written objection must meet and confer with

the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven days of the written objection.  If no agreement is reached, the Party

seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

(and in compliance with Civil Local Rule 79 5, if applicable) seeking permission from the court

to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the

reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the

disclosure would entail, and suggest any additional means that could be used to reduce that risk.

In addition, any such motion must be accompanied by a competent declaration describing the

parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

---

[1]  If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1   confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

2   to approve the disclosure.

3        In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

4   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

5   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6   8.   <u>PROSECUTION BAR</u>

7        Absent written consent from the Producing Party, any individual who receives access to

8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

9   SOURCE CODE" information shall not be involved in the prosecution of patent applications

10  relating to technologies used to analyze and test integrated circuits and other electronic

11  components on behalf of any party to this litigation, before any foreign or domestic agency,

12  including the United States Patent and Trademark Office ("the Patent Office").  For purposes of

13  this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

14  otherwise affecting the scope or maintenance of patent claims in new or pending applications.  To

15  avoid any doubt, "prosecution" as used in this paragraph does not include representing a party

16  with respect to proceedings relating to issued patents (including, but not limited to, reissue and

17  reexamination proceedings).  This Prosecution Bar shall begin when access to "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

19  CODE" information is first received by the affected individual and shall end two (2) years after

20  final termination of this action through entry of a final non-appealable judgment or order for

21  which appeal has been exhausted, or the complete settlement of all claims against all parties in

22  this action.

23  9.   <u>SOURCE CODE</u>

24        (a)    To the extent production of materials formatted in the manner defined in

25  section 2.9, above, becomes necessary in this case, a Producing Party may designate those

26  materials as "HIGHLY CONFIDENTIAL – SOURCE CODE" to they extent they comprise or

27  include confidential, proprietary, or trade secret information or other highly-confidential technical

28  information, as defined in section 2.8, above.  This Designated Code shall be subject to the same

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1    restrictions as materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2    ONLY."  The following additional restrictions shall apply to Designated Code:

3            (b)    Electronic copies of such Designated Code may be installed on a

4    standalone, non-networked computer at a secure location at the offices of the Receiving Party's

5    Outside Counsel of Record and at the offices of any previously approved Experts.  All or portions

6    of such Designated Code may be printed into a hard copy, provided that such hard copies are

7    marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and that access to such hard copies is

8    restricted as set forth in this section.

9            (c)    Outside Counsel of Record shall be limited to no more than three electronic

10   copies of any item of Designated Code, including any copies shared with Experts.

11           (d)    Code must be maintained and stored by the Receiving Party at an office of

12   the Receiving Party's Outside Counsel of Record or an of office of an Expert in a manner that

13   prevents unauthorized access, including without limitation, the following minimum safeguards:

14                  (i)    The Designated Code shall be placed on encrypted, password-

15           protected external media such as optical discs, flash drives, or hard drives.  Encryption

16           shall be by BitLocker, TrueCrypt, or other encryption means that are equally effective.

17           The Designated Code may only be viewed on a non-networked computer maintained in a

18           locked room accessible only by Outside Counsel of Record or authorized Experts, and on

19           an access restricted floor.  The external media must be kept in a locked safe or storage

20           cabinet when not connected to or inserted in the non-networked computer for viewing.

21           No Designated Code may be left on the non-networked computer when the external media

22           is not connected to or inserted in the non-networked computer.

23                  (ii)    If the Designated Code is to be maintained and stored at an office of

24           an Expert, counsel must disclose to the supplying party the location where the Designated

25           Code will be maintained, and the security precautions undertaken to maintain

26           confidentiality of the Designated Code both while the Designated Code is being reviewed

27           and while the Designated Code is not being reviewed.

28

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1                (iii)      Each page of Designated Code, or portion thereof, that has been

2     printed or copied onto paper shall be recorded on a print log.  All printing and copying

3     shall be onto paper conspicuously marked "HIGHLY CONFIDENTIAL - SOURCE

4     DESIGNATED CODE" on each page.  All print logs shall be made available to the

5     supplier of the Designated Code for inspection upon request.

6                (iv)      No portion of the Designated Code shall be e-mailed or transmitted

7     via any electronic transmission method except when included in a pleading (served or

8     filed) or attached to a deposition transcript.  All transfers of Designated Code shall be by

9     way of physical transfer of encrypted external media.  Designated Code, other than that

10     attached to a pleading (served or filed) or a deposition exhibit, shall not be placed on an

11     FTP site or stored in an internet accessible location for any reason for any period of time.

12        (e)     If counsel desires to store and access Designated Code at a secure facility

13     other than the offices of Outside Counsel of Record or the office of an Expert, counsel shall

14     provide notice in writing to outside counsel of record for the supplying party the precise location

15     of the proposed secure facility and the custodian of the Designated Code in that facility.

16        (f)     At the conclusion of the litigation any entity receiving Designated Code

17     will certify that:  (a) all external media, print-outs, and copies containing Designated Code have

18     been destroyed or erased in a manner that prevents any forensic recovery of the Designated Code,

19     with the exception of exhibits that were attached to filed or served pleadings or attached to

20     deposition transcripts or admitted into evidence; and (b) the print logs have been archived along

21     with counsel's other records from this litigation.  Other than as set forth in this subparagraph,

22     counsel may not maintain or retain a file copy of the Designated Code.

23     10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24           LITIGATION

25     If a Party is served with a subpoena or a court order issued in other litigation that compels

26     disclosure of any information or items designated in this action as "CONFIDENTIAL,"

27     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

28     – SOURCE CODE" that Party must:

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

1     (a)     promptly notify in writing the Designating Party.  Such notification shall

2     include a copy of the subpoena or court order;

3     (b)     promptly notify in writing the party who caused the subpoena or order to

4     issue in the other litigation that some or all of the material covered by the subpoena or order is

5     subject to this Protective Order.  Such notification shall include a copy of this Stipulated

6     Protective Order; and

7     (c)     cooperate with respect to all reasonable procedures sought to be pursued by

8     the Designating Party whose Protected Material may be affected.

9          If the Designating Party timely seeks a protective order, the Party served with the

10    subpoena or court order shall not produce any information designated in this action as

11    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

12    "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

13    which the subpoena or order issued, unless the Party has obtained the Designating Party's

14    permission.  The Designating Party shall bear the burden and expense of seeking protection in

15    that court of its confidential material – and nothing in these provisions should be construed as

16    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

17    another court.

18    11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

19         LITIGATION

20    (a)     The terms of this Order are applicable to information produced by a Non-

21    Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

22    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

23    information produced by Non-Parties in connection with this litigation is protected by the

24    remedies and relief provided by this Order.  Nothing in these provisions should be construed as

25    prohibiting a Non-Party from seeking additional protections.

26    (b)     In the event that a Party is required, by a valid discovery request, to

27    produce a Non-Party's confidential information in its possession, and the Party is subject to an

28

- 16 -

1   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

2   Party shall:

3                   (i)      promptly notify in writing the Requesting Party and the Non-Party

4           that some or all of the information requested is subject to a confidentiality agreement with

5           a Non-Party;

6                   (ii)     promptly provide the Non-Party with a copy of the Stipulated

7           Protective Order in this litigation, the relevant discovery request(s), and a reasonably

8           specific description of the information requested; and

9                   (iii)    make the information requested available for inspection by the

10          Non-Party.

11              (c)      If the Non-Party fails to object or seek a protective order from this court

12   within 14 days of receiving the notice and accompanying information, the Receiving Party may

13   produce the Non-Party's confidential information responsive to the discovery request.  If the

14   Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

15   in its possession or control that is subject to the confidentiality agreement with the Non-Party

16   before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall

17   bear the burden and expense of seeking protection in this court of its Protected Material.

18   12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

20   Material to any person or in any circumstance not authorized under this Stipulated Protective

21   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

22   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

23   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

24   made of all the terms of this Order, and (d) request such person or persons to execute the

25   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

26

27

28

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever privilege review procedure may be established in an e-discovery order.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections:  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Filing Protected Material:  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79 5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79 5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79 5(d) is denied by the court, then the

1   Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

2   79 5(e) unless otherwise instructed by the court.

3   15.    FINAL DISPOSITION

4          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5   Receiving Party must return all Protected Material to the Producing Party or destroy such

6   material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

7   compilations, summaries, and any other format reproducing or capturing any of the Protected

8   Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

9   submit a written certification to the Producing Party (and, if not the same person or entity, to the

10  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

11  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

12  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

13  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

14  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

15  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

16  product, and consultant and Expert work product, even if such materials contain Protected

17  Material.  Any such archival copies that contain or constitute Protected Material remain subject to

18  this Protective Order as set forth in section 4, above (Duration).

19

20

21          Dated:  October 25, 2011                MARK E. MILLER
                                                      MICHAEL SAPOZNIKOW
22                                                    ALEXANDER B. PARKER
                                                      O'MELVENY & MYERS LLP
23

24                                                    By:  */s/ Mark E. Miller*
                                                          Mark E. Miller
25                                                        Attorneys for Plaintiff
                                                          DCG SYSTEMS, INC.
26

27

28

STIPULATED [PROPOSED] PROTECTIVE
                                                      ORDER -- CASE NO. 5:11-CV-03792-PSG

Dated:  October 25, 2011

HOPKINS & CARLEY
A Law Corporation


By:*/s/ John V. Picone, III*
    John V. Picone, III
    Gary H. Ritchey
    HOPKINS & CARLEY, a Law Corporation
    70 South First Street
    San Jose, CA  95113
    Telephone: (408) 286-9800
    Facsimile: (408) 998-4790

    Attorneys for Defendant
    CHECKPOINT TECHNOLOGIES, LLC


IT IS SO ORDERED

Dated:  __October 31__, 2011

    *Paul S. Grewal*
    The Honorable Paul S. Grewal
        United States Magistrate Judge

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Mark E. Miller and John V. Picone, III.

Dated:  October 25, 2011

By: */s/ Michael Sapoznikow*
Michael Sapoznikow

Counsel for Plaintiff
DCG SYSTEMS, INC.

STIPULATED [PROPOSED] PROTECTIVE
ORDER -- CASE NO. 5:11-CV-03792-PSG

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of DCG Systems, Inc. v. Checkpoint

Technologies, LLC, Case No. 11-CV-03792-PSG.  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:  _____


City and State where sworn and signed: _____


Printed name: _____
              [printed name]

Signature: _____
           [signature]

- 22 -