# Exhibit B

Case5:11-cv-03792-PSG   Document33   Filed11/02/11   Page1 of 5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DCG SYSTEMS, INC., | Case No. 5:11-cv-03792-PSG |
| Plaintiff, | **[PROPOSED] ORDER REGARDING E-DISCOVERY** |
| v. | JUDGE: HON. PAUL S. GREWAL |
| CHECKPOINT TECHNOLOGIES, LLC, | |
| Defendant. | |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference of November 1, 2011. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rules of Civil Procedure 26 and 37. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata beyond the fields agreed to in Section 8.B. of the Joint Case Management Statement and [Proposed] Order, filed October 25, 2011.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

1      9.      Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

      10.     Each requesting party shall limit its first email production requests to a total of ten (10) custodians per producing party for all such requests. Sixty (60) days after the receipt of initial documents responsive to the first set of email production requests, a party may make additional email production requests to five (5) custodians.  The five custodians who receive the additional email production requests may include custodians from whom documents have already been requested. The parties may jointly agree to modify these limits without the Court's leave. The Court shall consider contested requests for up to five (5) additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

      11.     Each requesting party shall limit its first email production requests to a total of twenty (20) search terms per custodian per party. Each requesting party shall limit its additional email production requests to a total of five (5) search terms per custodian per party. The parties may jointly agree to modify these limits without the Court's leave. The Court shall consider contested requests for up to five (10) additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether

1  to shift costs for disproportionate discovery. Should a party serve email production requests with
2  search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this
3  paragraph, the requesting party shall bear all reasonable costs caused by such additional
4  discovery.

5      12.    The receiving party shall not use ESI that the producing party asserts is attorney-
6  client privileged or work product protected to challenge the privilege or protection.

7      13.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a
8  privileged or work product protected ESI is not a waiver in the pending case or in any other
9  federal or state proceeding.

10     14.    The mere production of ESI in a litigation as part of a mass production shall not
11  itself constitute a waiver for any purpose.

13  Dated:  November 2, 2011

15  _____
       The Honorable Paul S. Grewal
16     United States Magistrate Judge