1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11   DCG SYSTEMS, INC.,                    )  Case No.: 11-CV-03792-PSG
                                           )
12                        Plaintiff,       )  **ORDER DENYING DEFENDANT'S**
         v.                                )  **MOTION TO INCREASE THE**
13                                         )  **NUMBER OF CLAIM TERMS FOR**
                                           )  **CONSTRUCTION AND GRANTING**
14   CHECKPOINT TECHNOLOGIES, LLC,         )  **DEFENDANT'S ALTERNATIVE**
                                           )  **MOTION TO REDUCE THE**
15                        Defendant.       )  **NUMBER OF ASSERTED CLAIMS**
                                           )
16   _____)  **(Re: Docket No. 48)**

17

18          Defendant Checkpoint Technologies, LLC ("Checkpoint") moves to increase the number of

19   claims to be construed from ten to twenty-three. Plaintiff DCG Systems, Inc. ("DCG") opposes the

20   motion. Pursuant to Civ. L.R. 7-1(b) and at Checkpoint's own request, the motion is taken under

21   submission without oral argument.  Having reviewed the papers and considered the arguments of

     counsel,

22          IT IS HEREBY ORDERED that Checkpoint's motion to increase the number of claims to

23   be construed is DENIED and Checkpoint's alternative motion to reduce the number of asserted

24   claims is GRANTED.

25          DCG accuses Checkpoint of infringing fifty-seven claims in seven patents.[1] The seven

26   patents come from four families, each with their own file history and distinct specifications. As

27   _____

28   [1] DCG has filed a motion for leave to serve amended infringement contentions that drop six claims
     and add four others, bringing the total to fifty-five asserted claims. *See* Docket No. 53.

United States District Court
For the Northern District of California

reflected in the parties' exchange of proposed claim terms, DCG does not identify a single term that it believes required construction. It merely contends that one term should be governed by 35 U.S.C. § 112(6) and that the plain and ordinary meaning of all the remaining terms is adequate to the task.

Checkpoint on the other hand identifies twenty-three claim terms for construction, citing the number of patents DCG has put at issue, the nature of the terms themselves, and the context within which the terms are used. Checkpoint alternatively urges that DCG be limited to no more than ten asserted claims.

On the number of claim terms to be construed, DCG has the better of the argument. The patent local rules limit to ten the number of terms to be construed, and for good reason.[2] Without such a limit, the court faces a glut of terms that threatens the efficiency of the claim construction. While there is no particular magic to the rule's ten – term limit, here both parties agreed during the case management conference held on November 1, 2011 that the court would construe no more terms than that. Not only would the scale of the parties' claim construction briefing be impacted by Checkpoint's proposal but the *Markman* hearing itself would prove unwieldy. As it is, the court has allotted seven hours for a hearing on ten disputed claim terms.[3]

The more appropriate way to mitigate the burden identified by Checkpoint is to adapt a variant of its alternative proposal. No jury in this case is going to resolve 57 patent claims, and there is no legitimate reason not to begin work now on whittling that number down to something manageable. At the same time, the court appreciates that the parties are presently in the midst of claim construction briefing. To balance these considerations, in the joint case management report due 30 days after the claim construction ruling, DCG shall identify the 25 claims on which it wishes to proceed. This itself may not be the final cut, but it is a reasonable start down that road. In

---

[2] *See* Pat L.R. 4-3(c). DCG notes that many judges in this district, including Judges White, Armstrong, Gonzalez-Rogers and Hamilton, further impose specific limits on claim terms in their standing orders. To the extent that after the claim construction ruling there remains a fundamental dispute for the court to resolve regarding the meaning of an outstanding term, the court will fulfill its duty in accordance with *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351 (Fed. Cir. 2008), *Finjan, Inc. v. Secure Computing Corp.,* 626 F.3d 1197, 1207 (Fed. Cir. 2007) and *Conoco, Inc. v. Energy & Envt'l, L.C.,* 460 F.3d 1249, 1359 (Fed. Cir. 2006).

[3] *See* Docket No. 71.

Case No.: C 11-03792 PSG
ORDER

advance of the expert reports, the court will entertain a request to further reduce the set of asserted claims.

**IT IS SO ORDERED.**


Dated:   4/13/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 11-03792 PSG
ORDER