MARK E. MILLER (S.B. #130200) – markmiller@omm.com
MICHAEL SAPOZNIKOW (S.B. #242640) – msapoznikow@omm.com
ALEXANDER B. PARKER (S.B. #264705) – aparker@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Plaintiff
DCG SYSTEMS, INC.

JOHN V. PICONE III (S.B. #187226) – jpicone@hopkinscarley.com
GARY H. RITCHEY (S.B. #136209) – gritchey@hopkinscarely.com
JENNIFER S. COLEMAN (S.B. #213210) – jcoleman@hopkinscaley.com
HOPKINS & CARLEY A LAW CORPORATION
The Letitia Building
70 South First Street
San Jose, CA 95113

Mailing address:
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
CHECKPOINT TECHNOLOGIES, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DCG SYSTEMS, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>CHECKPOINT TECHNOLOGIES, LLC,<br><br>             Defendant. | Case No. 5:11-cv-03792-PSG<br><br>**JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY**<br><br>DATE:    July 17, 2012<br>TIME:    10:00 a.m.<br>PLACE:   Courtroom 5, 4th Floor<br>JUDGE:   Honorable Paul S. Grewal |

JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY
CASE NO. 5:11-CV-03792-PSG

Plaintiff DCG Systems, Inc. ("DCG") and Defendant Checkpoint Technologies, LLC ("Checkpoint") respectfully request clarification regarding certain aspects of the Order Regarding E-Discovery entered by the Court on November 2, 2011 (the "Order"). (Docket No. 33.)

The Order provides, in pertinent part:

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

…

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper time frame.

10. Each requesting party shall limit its first email production requests to a total of ten (10) custodians per producing party for all such requests. Sixty (60) days after the receipt of initial documents responsive to the first set of email production requests, a party may make additional email production requests to five (5) custodians. The five custodians who receive the additional email production requests may include custodians from whom documents have already been requested. The parties may jointly agree to modify these limits without the Court's leave. The Court shall consider contested requests for up to five (5) additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its first email production requests to a total of twenty (20) search terms per custodian per party. Each requesting party shall limit its additional email production requests to a total of five (5) search terms per custodian per party. The parties may jointly agree to modify these limits without the Court's leave. The Court shall consider contested requests for up to five (10) additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

The parties' positions are set forth separately below. DCG's First Set of Requests for

1  Production of Email ("Requests") is attached to this Joint Motion as Exhibit A.  Checkpoint's
2  Response to the Requests ("Response")  is attached to this Joint Motion as Exhibit B.  DCG's
3  proposed searches expressed in Boolean format ("DCG Proposed Searches") are attached to this
4  Joint Motion as Exhibit C.  Checkpoint's revised proposed search expressed in Boolean format
5  ("Checkpoint Proposed Search") is attached to this Joint Motion as Exhibit D.

6  The parties propose that, to the extent a hearing would be useful to the Court, this issue be
7  heard at the July 17, 2012 hearing already scheduled for Checkpoint's Motion for Leave to
8  Amend the Invalidity Contentions.

**DCG's Position.**

DCG issued a set of carefully targeted email search requests that comply with the Order — the requests cover eight Checkpoint custodians, average 14.75 searches per custodian, and do not exceed the 20-search limit for any custodian.  The email search requests are directed to the issues in this action for which email discovery is most appropriate, because email is one of the best sources of information regarding Checkpoint's internal and external communications.  The discussion accompanying the E-Discovery Model Order on which the Court's Order was based ("Model Order") explains that "email production requests should be focused on a particular issue for which that type of discovery is warranted." (Docket No. 25-1 at 24.)   Checkpoint  moved for entry of the Order, and Checkpoint's refusal to comply with the Order is, therefore, surprising.  DCG's email search requests are tailored to lead to the production of documents relevant to the following issues:

- Checkpoint's knowledge of DCG's patents and DCG's proprietary technologies;

- Whether Checkpoint copied the technologies claimed in the asserted patents, either on its own or at the direction of one or more Checkpoint customers;

- Indirect infringement, including Checkpoint's instructions to its customers relating to the accused products and functionalities;

- The nature of the market for the accused Checkpoint products and for other devices that practice the asserted patents;

- The value of the inventions claimed in the asserted patents, as a function of the overall value of the accused Checkpoint products and other devices that practice the asserted patents;

- Statements of praise for the claimed inventions, or of skepticism, or demonstrating a long-felt need, or other statements relevant to secondary considerations of non-obviousness; and

- Evidence of alleged non-infringing alternatives to practicing the claimed inventions.

These are issues that cannot be fully explored without the production of email. DCG's email search requests are *not* directed toward the topics that, according to the Model Order, should be the subject of pre-email discovery (i.e., the structure, functionality, and operation of the accused products and Checkpoint's financial information). (*Id.*) DCG has propounded requests for production under Rule 34 for those types of documents.

Nearly all of DCG's email search requests are framed as primary search terms coupled with several narrowing search criteria. An email is responsive to a particular email request only if the email contains the primary search term *and* one or more of the narrowing search criteria. For example, one of the proposed searches is:

> (Intel) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR cool OR "conduction convection" OR c3 OR Thermostream OR ATE OR "automatic test" OR quote OR quotation OR nozzle OR "thermal management" OR tester OR specification OR requirement OR prefer OR need OR demand OR request OR emiscope OR ruby OR meridian OR waferscan)

In this search "Intel" (which precedes the word "AND") is the primary search term, and the terms in the second parenthetical are narrowing search criteria. To satisfy this search, an email must include the word "Intel" *and* one or more of the narrowing search terms — i.e., the set of email responsive to DCG's proposed request is some subset of the set of emails that are responsive to a search for the term "Intel." Searches of this style are expressly permitted by the Order because the term "Intel" would be an acceptable search term on its own, and because the Order states "A conjunctive combination of multiple words or phrases (e.g., 'computer' and 'system') narrows the search and shall count as a single search term.… Use of narrowing search criteria (e.g., 'and,' 'but not,' 'w/x') is encouraged to limit the production…" (Order ¶ 11.)

JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY
CASE NO. 5:11-CV-03792-PSG                                                                                               3

1    Intel Corporation is a common customer of DCG and Checkpoint, and emails exchanged
2  between Checkpoint and Intel could be relevant to any one of the issues identified above.  For
3  example, DCG seeks to learn what instructions Checkpoint has provided to Intel regarding the use
4  of Checkpoint products (relevant to, *inter alia*, inducement of infringement), and DCG seeks to
5  learn what comparisons between DCG and Checkpoint products have been made in Checkpoint's
6  email correspondence with Intel (relevant to, *inter alia*, the calculation of damages).  The Order
7  explains that "[i]ndiscriminate terms, such as the ***producing company's*** name or ***its*** product
8  name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce
9  the risk of overproduction."  (Order ¶ 11 (emphasis added).)  "Intel" is not the name of the
10 producing company, Checkpoint, nor is it the name of any Checkpoint product.  Many emails
11 containing the word "Intel" are likely to be relevant.  "Intel" is therefore not an "indiscriminate
12 term" as that phrase is used in the Order.  The search term "Intel," standing alone, would be an
13 acceptable search under the Order.  DCG's proposed search — which uses narrowing search
14 criteria and must necessarily return a smaller set of documents than a search for the term "Intel"
15 — is therefore also acceptable under the Order.

16    With the "Intel" search, as with all of the other searches issued by DCG to Checkpoint,
17 DCG has followed the Order's requirement that search terms be "narrowly tailored to particular
18 issues." (Order ¶ 11.)  The Order encourages "[a] party's meaningful compliance with [the] Order
19 and efforts to promote efficiency and reduce costs," and DCG has done so by creating narrow
20 searches and by issuing fewer search requests than DCG is permitted — 118 requests versus 200
21 initial searches (20 searches each to 10 custodians) that DCG could have served.[1]  DCG further

---

[1] Checkpoint argues below that "DCG (also including, disjunctively, its predecessors Credence and Optonics)" should be counted as three searches, not one. The Order states "A disjunctive combination of multiple words or phrases (e.g., 'computer' or 'system') broadens the search, and thus each word or phrase shall count a as separate search term ***unless they are variants of the same word.***"  (Order ¶ 11.)  DCG, Credence, and Optonics are all names for the same corporate entity, although they may not literally be variants of the same word.  Credence Systems Corporation acquired Optonics, Inc. in 2003, and then spun out its diagnostics and characterization business group (including the former Optonics) as a new company called DCG Systems in 2008.  Just as "(Netherlands OR Holland OR Dutch)" is properly a single search because each term refers to the same nation, "(DCG OR Credence OR Optonics)" should be regarded as a single search.

JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY
CASE NO. 5:11-CV-03792-PSG                                                                      4

1  offered to join Checkpoint in assessing the burden of each search by having Checkpoint run the
2  searches and report the number of preliminary search results for each search, to determine if any
3  of the searches resulted in an inordinate number of emails and/or an unacceptable likelihood of
4  overproduction.  Checkpoint declined to run the searches, leaving the Court and DCG without
5  objective information about the level of burden imposed by any of the requested searches.

6  Checkpoint asked the Court to adopt the Model Order.  Having proposed that the parties
7  follow the procedures laid out in the Model Order, Checkpoint should be required to comply with
8  email DCG's email requests, which are entirely consistent with the Order.

9

10 **Checkpoint's Position.**

11  Checkpoint contends that DCG has not complied with the Order.  Instead, DCG has issued
12  a set of email search requests to 8 Checkpoint custodians that includes over thousands of
13  requested searches.  Interestingly, DCG points to the Model Order's[2] language regarding issue
14  focusing in an attempt to steer the Court away from the plain language of the Order that it signed
15  and that controls in this case:

16  > Email production requests shall only be propounded
   > for specific issues, rather than general discovery of
17  > a product or business.  (Order, ¶7).

18  Despite what it suggests, DCG has not propounded carefully targeted email search
19  requests that are directed to the issues in this action.  Instead, DCG is attempting to use the Order
20  in a way in which the Order was put in place to prevent – to obtain very general discovery of
21  Checkpoint's business and its products.  This is specifically what the provisions of the Order
22  prevent.

23  While DCG has set forth 7 issues to which it believes that the email requests are tailored[3],
24  DCG fails to acknowledge that it is limited, by the Order, to 10 custodians and 20 search terms

25  ───────────────
26  [2] DCG refers to and quotes the Model Order language throughout its section.  As the Model Order is not controlling, Checkpoint will focus only on the language specifically set forth in this Court's Order.
27
28  [3] Other than the topic of willfulness, this is the first time DCG has provided Checkpoint with this list of issues that it identified as relevant to email production.

JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY
CASE NO. 5:11-CV-03792-PSG                                                              5

per custodian. The searches DCG has crafted are an attempt by DCG to circumvent the Order and the spirit of the Model Order. This cannot be allowed. For example, DCG's proposed searches for Horst Groneberg are as follows:

| Keyword | Narrowing Search Criteria |
|---|---|
| 1. DCG (also including, disjunctively, its predecessors Credence and Optonics) | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", "spectrum analyzer", patent, Intel, sell, sale, quotation, compare, comparison, compete, competitor, competition, competitive, customer, emiscope, ruby, meridian, waferscan<br><br>(DCG OR Credence OR Optonics) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR "spectrum analyzer" OR patent OR Intel OR sell OR sale OR quotation OR compare OR comparison OR compete OR competitor OR competition OR competitive OR customer OR emiscope OR ruby OR meridian OR waferscan) |
| 2. Intel | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping" , cool, "conduction convection", c3, Thermostream, ATE, "automatic test", quote, quotation, nozzle, "thermal management", tester, specification, requirement, prefer, need, demand, request, emiscope, ruby, meridian, waferscan<br><br>(Intel) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR cool OR "conduction convection" OR c3 OR Thermostream OR ATE OR "automatic test" OR quote OR quotation OR nozzle OR "thermal management" OR tester OR specification OR requirement OR prefer OR need OR demand OR request OR emiscope OR ruby OR meridian OR waferscan) |
| 3. patent | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: suit, litigate, litigation, license, settle, fee, agreement, contract, infringe, infringing, SIL, "solid immersion lens", "LTM", "laser timing module", Kasapi, Pakdaman, Cotton, Vickers, Frank, royalty, value, valuation, policy, licensing, appraise, appraisal, alternative, work-around, |

| | | |
|---|---|---|
| | | design-around |
| | | (patent) AND (suit OR litigate OR litigation OR license OR settle OR fee OR agreement OR contract OR infringe OR infringing OR SIL OR "solid immersion lens" OR "LTM" OR "laser timing module" OR Kasapi OR Pakdaman OR Cotton OR Vickers OR Frank OR royalty OR value OR valuation OR policy OR licensing OR appraise OR appraisal OR alternative OR work-around OR design-around) |
| 4. | SIL or "solid immersion lens" | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: assembly, holder, spring, crash, alarm, sensor, slide, slidably, focus, focal, upgrade, request |
| | | (SIL or "solid immersion lens") AND (assembly OR holder OR spring OR crash OR alarm OR sensor OR slide OR slidably OR focus OR focal OR upgrade OR request) |
| 5. | LTM or "laser timing module" | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: map, SMI, clock, integrate, integration, transistor, modulation, frequency, SIL, "solid immersion lens", domain, hz, hertz, khz, kilohertz, mhz, megahertz, ghz, gigahertz, Intel, Redstone, Army, Global, waveform, timing, oscilloscope, upgrade |
| | | (LTM or "laser timing module") AND (map OR SMI OR clock OR integrate OR integration OR transistor OR modulation OR frequency OR SIL OR "solid immersion lens" OR domain OR hz OR hertz OR khz OR kilohertz OR mhz OR megahertz OR ghz OR gigahertz OR Intel OR Redstone OR Army OR Global OR waveform OR timing OR oscilloscope OR upgrade) |
| 6. | "Global Foundries" | "Global Foundries" |
| 7. | profit | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", "spectrum analyzer", patent, Intel, DCG, loss, price, margin, warranty, service, upgrade, distribution, promotion, marketing, patent |
| | | (profit) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR "spectrum analyzer" OR patent OR Intel OR DCG OR loss OR price OR margin OR warranty OR service OR upgrade OR distribution OR promotion OR marketing OR patent) |

| | | |
|---|---|---|
| 8. | loss | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", "spectrum analyzer", patent, Intel, DCG, loss, price, margin, warranty, service, upgrade, distribution, promotion, marketing, patent<br><br>(loss) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR "spectrum analyzer" OR patent OR Intel OR DCG OR loss OR price OR margin OR warranty OR service OR upgrade OR distribution OR promotion OR marketing OR patent) |
| 9. | margin | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", "spectrum analyzer", patent, Intel, DCG, loss, price, margin, warranty, service, upgrade, distribution, promotion, marketing, patent<br><br>(margin) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR "spectrum analyzer" OR patent OR Intel OR DCG OR loss OR price OR margin OR warranty OR service OR upgrade OR distribution OR promotion OR marketing OR patent) |
| 10. | cost | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", "spectrum analyzer", patent, Intel, DCG, loss, price, margin, warranty, service, upgrade, distribution, promotion, marketing, fixed, variable, allocate, allocation, incremental, patent<br><br>(cost) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR "spectrum analyzer" OR patent OR Intel OR DCG OR loss OR price OR margin OR warranty OR service OR upgrade OR distribution OR promotion OR marketing OR fixed OR variable OR allocate OR allocation OR incremental OR patent) |
| 11. | analysis | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following |

| | | |
|---|---|---|
| | | narrowing search criteria: DCG, market, competition, competitor, compete, competitive, customer, emiscope, ruby, meridian, waferscan<br><br>(analysis) AND (DCG OR market OR competition OR competitor OR compete OR competitive OR customer OR emiscope OR ruby OR meridian OR waferscan) |
| | 12. customer | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping" , cool, ATE, "automatic test", quote, quotation, "thermal management", tester, specification, requirement, prefer, need, demand, request<br><br>(customer) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR cool OR ATE OR "automatic test" OR quote OR quotation OR "thermal management" OR tester OR specification OR requirement OR prefer OR need OR demand OR request) |
| | 13. advertise or advertising | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", DCG, emiscope, ruby, meridian, waferscan, infrascan<br><br>(advertise OR advertising) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR DCG OR emiscope OR ruby OR meridian OR waferscan OR infrascan) |
| | 14. marketing | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", DCG, emiscope, ruby, meridian, waferscan, infrascan<br><br>(marketing) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR DCG OR emiscope OR ruby OR meridian OR waferscan OR infrascan) |
| | 15. compete or competitor or competition or competitive | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, |

JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY
CASE NO. 5:11-CV-03792-PSG                                                                                         9

| | | |
|---|---|---|
| | | "laser voltage imaging", LTM, "laser timing module", "modulation mapping", DCG, emiscope, ruby, meridian, waferscan, infrascan<br><br>(compete OR competitor OR competition OR competitive) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR DCG OR emiscope OR ruby OR meridian OR waferscan OR infrascan) |
| 16. | feature | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping" , cool, ATE, "automatic test", quote, quotation, "thermal management", tester, specification, requirement, prefer, need, demand, request<br><br>(feature) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR cool OR ATE OR "automatic test" OR quote OR quotation OR "thermal management" OR tester OR specification OR requirement OR prefer OR need OR demand OR request) |
| 17. | quote or quotation | Checkpoint shall search for email and attachments that combine the keyword conjunctively with any one or more of the following narrowing search criteria: SIL, "solid immersion lens", LVI, "laser voltage imaging", LTM, "laser timing module", "modulation mapping", DCG, emiscope, ruby, meridian, waferscan<br><br>(quote OR quotation) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping" OR DCG OR emiscope OR ruby OR meridian OR waferscan) |

As the Court can see, there are 19 keyword searches[4] proposed by DCG. Within those keyword searches are various other "narrowing" terms, some conjunctive and some disjunctive, that DCG wishes to include in its overall search criteria. While there are varying combinations for all of the searches that DCG would like for Checkpoint to run, these searches nonetheless are vastly in excess of the 20 search terms allowed by the Order – and that is just per 1 keyword.

---

[4] Checkpoint added 2 additional key words for Credence and Optonics under the first keyword search. As they would be searched in the disjunctive, these terms count as a separate searches pursuant to the Order. (Order, ¶11).

JOINT MOTION FOR CLARIFICATION REGARDING ORDER REGARDING E-DISCOVERY
CASE NO. 5:11-CV-03792-PSG                                                                                           10

DCG lists several general issues allegedly justifying its proposed search parameters. Generally, DCG claims to be seeking information related to willfulness, copying, inducement, market definition, secondary considerations of non-obviousness and non-infringing alternatives. A cursory examination of the exemplar search requests propounded upon Horst Groneberg of Checkpoint as reflected above shows that DCG is not simply limiting its search to those discrete issues. Rather, DCG is attempting to conduct precisely the type of searching prohibited by the Court's order, namely a general search of a product or business.

Of the 19 key word searches (and their allegedly "limiting" conjunctive and disjunctive terms), categories 4, 5, and 16 appear to be directly related to the features of the accused products. Categories 6-17, while arguably loosely connected to the issue of "market definition", appear to nothing more than general discovery into Checkpoint's products and business. Ironically, alleged "copying" is one of the issues that DCG is seeking information, yet none of its search parameters includes the word "copy" or any of its derivatives. Lastly, while some of the issues identified by DCG in this motion might be appropriate for an email search, none of the search parameters proposed by DCG is narrowly tailored to identify the relevant, responsive, non-privileged information.

DCG also argues that the issues it sets forth above cannot be fully explored without the production of email. This is not the case. DCG can propound other forms of written discovery and it can take depositions. DCG is not entitled to disregard the terms of the Order and the search term limits set forth therein just because it believes that the issues it identified above cannot be fully explored without the production of email – at least not without a showing of distinct need based on the size, complexity, and issues of this specific case and a Court order allowing it to do so. (Order, ¶11).

Next, DCG confuses the narrowing of the search terms and the burden of running those search terms with whether it is entitled to those search terms pursuant to the Order. DCG attempts to circumvent the Order by inserting "AND" after a keyword and prior to the narrowing search terms. The example used above by DCG (and set forth again immediately below for convenience) relates to Intel.

(Intel) AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing module" OR "modulation mapping"  OR cool OR "conduction convection" OR c3 OR Thermostream OR ATE OR "automatic test" OR quote OR quotation OR nozzle OR "thermal management" OR tester OR specification OR requirement OR prefer OR need OR demand OR request OR emiscope OR ruby OR meridian OR waferscan)

What DCG does not focus on is the fact that immediately following "AND" is a string of narrowing search terms connected by "OR", which would lend itself as separate searches for all of those terms.  It does not matter that "AND" is inserted preceding the parenthetical string of disjunctive terms – they are still disjunctive and separate searches.  In the Intel example above, you have the keyword Intel, which would be searched with $24^5$ narrowing search terms.  This is 24 searches, not simply 1 as DCG asserts.

DCG also does not mention that Checkpoint provided to DCG a revised set of Boolean searches that could serve as a guide as to what Checkpoint was willing to accept relating to search terms as defined in the Order.  While Checkpoint is willing to allow disjunctive searches to some extent as they relate to the same type of product or issue, Checkpoint is not willing to give DCG cart blanche to submit thousands of searches regarding issues that it may deem relevant to this case[6].  For example, with respect to Horst Groneberg, Checkpoint submitted the following revised searches, which Checkpoint believed to comply with the Order:

| Keyword | Narrowing Search Criteria |
|---|---|
| 1. DCG | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") |

---

[5] For this calculation, the following terms/phrases were counted as 1 term/phrase: i) SIL OR solid immersion lens; ii) LVI OR laser voltage imaging; iii) LTM OR laser timing module; iv) quote OR quotation.

[6] This Joint Motion only addresses the issue of how many search terms are appropriate pursuant to the Order, not whether DCG would ultimately be entitled to the searches requested on other grounds.

| | |
|---|---|
| 2. patent | AND ("SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") AND (Kasapi OR Pakdaman OR Cotton OR Vickers OR Frank") |
| 3. compet! | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!" OR infrascan) |
| 4. customer | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") |
| 5. advertis! | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!" OR infrascan) |
| 6. marketing | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!" OR infrascan) |
| 7. feature | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!" OR ATE) |
| 8. quot! | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!" OR ATE OR infrascan) |
| 9. patent | AND (DCG AND (alternative OR "work-around" OR "design-around)) |
| 10. patent | AND (DCG AND (infring!)) |
| 11. SIL OR "solid immersion lens" | AND (assembly OR spring OR slid! OR foc! OR holder OR crash OR alarm OR sensor) |

| | |
|---|---|
| 12. LTM OR "laser timing module" | AND (map OR SMI OR clock OR integra! OR modulation OR frequency) |
| 13. profit | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") |
| 14. loss | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") |
| 15. margin | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") |
| 16. cost | AND (SIL OR "solid immersion lens" OR LVI OR "laser voltage imaging" OR LTM OR "laser timing mod!") |
| 17. analysis | AND (market OR competit! OR compete) AND (DCG OR customer) |
| 18. patent | AND (royalty OR apprais! OR valu! OR licens!) |
| 19. DCG | AND (loss OR profit OR cost OR margin) |
| 20. patent | AND (suit OR litigat!) AND (DCG) |

DCG did not respond to Checkpoint's Proposed Search, but instead prepared the Joint Motion for submission. Checkpoint suspects it was because there were thousands of searches on DCG's Proposed Searches that were not included in the Checkpoint Proposed Search because Checkpoint believes that those searches are prohibited pursuant to the terms of the Order.

DCG argued vehemently against the implementation of the Model Order in this case, and

those arguments were not successfully. DCG is now attempting to circumvent this Court's Order by requesting that thousands of searches be run by Checkpoint because it "cleverly" inserted "AND" in front of a lengthy disjunctive set of terms and phrases. Checkpoint requests that DCG be made to comply with the Order as it was intended and not be allowed to circumvent the Order that Checkpoint fought to have implemented in this case.

Dated: July 10, 2012

MARK E. MILLER
MICHAEL SAPOZNIKOW
ALEXANDER B. PARKER
O'MELVENY & MYERS LLP

By: */s/ Mark E. Miller*
Mark E. Miller
Attorneys for Plaintiff
DCG SYSTEMS, INC.

Dated: July 10, 2012

JOHN V. PICONE III
GARY H. RITCHIE
JENNIFER S. COLEMAN
HOPKINS & CARLEY A LAW CORP.

By: */s/ John V. Picone III*
John V. Picone III
Attorneys for Defendant
CHECKPOINT TECHNOLOGIES, LLC.

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from John V. Picone III.

Dated: July 10, 2012

By: */s/ Mark E. Miller*
　　　Mark E. Miller

Attorneys for Plaintiff
DCG SYSTEMS, INC.