**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DCG SYSTEMS, INC., ) | Case No.: C 11-03792 PSG |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S MOTION TO AMEND INVALIDITY CONTENTIONS; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S CROSS-MOTION** |
| v. ) | |
| CHECKPOINT TECHNOLOGIES, LLC, ) | |
| Defendant. ) | |
| ) | **(Re: Docket Nos. 96, 98)** |

In this patent infringement suit, Defendant Checkpoint Technologies, LLC ("Checkpoint") moves to amend its invalidity contentions. Plaintiff DCG Systems, Inc. ("DCG") opposes the motion but only in part. DCG also cross-moves to limit the number of prior art references. Checkpoint opposes this cross-motion. On August 7, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Checkpoint's motion to amend its invalidity contentions is GRANTED.

Checkpoint contends that its motion should be granted on two grounds: (1) the recent discovery of prior art despite an earlier diligent search; and (2) the need to respond to DCG's recently amended infringement contentions. In its complaint filed on August 2, 2011, DCG asserted seven patents and 172 claims. Checkpoint soon afterwards undertook a general search for prior art, including a comprehensive review of cited art and interviews of Checkpoint employees

1

Case No.: C 11-03792 PSG
ORDER

and third parties. In addition, Checkpoint solicited bids from prior art experts to conduct further searches and analyses. On November 4, 2011, DCG served infringement contentions asserting seven patents and 57 claims. Checkpoint then engaged a prior art expert to expand upon its existing search for prior art. Checkpoint also reviewed other sources of potential art, including industry groups, online sources, industry-related journals and publications. In late January 2012, Checkpoint discovered the Shiagawa and Mertin references and in early February 2012, the Tsang reference. Checkpoint also undertook a new search related to five new claims asserted by DCG and discovered still more art, including the Nataraj reference. Checkpoint now seeks to include all additional prior art that was not located until after its initial invalidity contentions were served.

DCG responds that it does not oppose inclusion of the Shinagawa, Mertin, Tsang, or Nataraj references. DCG objects, however, to the additional fifteen non-patent references that Checkpoint seeks to include. Checkpoint has not shown that these new references resulted from the searches launched as a result of DCG's newly asserted claims or that these new references arose from Checkpoint's ongoing searches for prior art despite Checkpoint's diligence in pursuing the prior art at issue.[1] To date, Checkpoint has offered only vague statements as to how the new references were discovered. Checkpoint's request that five additional patents be included in its amended contentions fails for largely the same reasons.

The court is persuaded to allow Checkpoint to amend its invalidity contentions to the full extent it has requested. The record demonstrates that since the complaint was first filed, Checkpoint has exercised diligence in its efforts to locate relevant prior art. In addition, DCG's amended infringement contentions warrant additional amendments to the invalidity contentions. To the extent Checkpoint has been less than clear as to the relationship between the amended infringement contentions and each of the prior references at issue, any prejudice to DCG is mitigated by the substantial time for further discovery permitted under the amended scheduling order.

IT IS FURTHER ORDERED that DCG's cross-motion to limit the number of prior art references is DENIED without prejudice.

---

[1] *See, e.g., O2 Micro Int'l, Ltd. v. Monolithic Power Sys.,* 467 F.3d 1355, 1368 (Fed. Cir. 2006).

2
Case No.: C 11-03792 PSG
ORDER

DCG requests that 21 days after the case is narrowed to 25 claims, Checkpoint should be required to reduce the number of prior art references to 35. DCG contends that "[i]t would be simply impossible to present even half of Checkpoint's proposed 78 prior art references during a seven-day trial." DCG proposes that an average of five references per asserted patent is more than reasonable.

Checkpoint responds that the cross-motion is flawed procedurally and substantively. As an initial matter, DCG did not properly notice the cross-motion. Turning to the merits, DCG's suggestion that Checkpoint be required to reduce proportionately the number of prior art references as DCG has reduced its asserted claims is without precedent. While a reduction in the number of claims provides obvious efficiencies to decide infringement and invalidity issues, similar efficiencies are not created by reducing the number of prior art references. In fact, it has little impact beyond the number of references considered in an expert report.

While it may be appropriate at later point in the case to address whether a reduced number of claims warrants a corresponding reduction in a proportionate number of prior art references, the court finds that at this point limiting Checkpoint to an average of five prior art references per patent would be premature. Both parties should appreciate, however, that after expert discovery and dispositive motion practice, the court will not hesitate to impose limits that properly scope the case for any trial.[2]

**IT IS SO ORDERED.**

Dated: 8/20/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[2] *Cf. Rambus, Inc. v. Hynix Semiconductor Inc.,* No. C 05-00334 RMW, C05-2298 RMW, C 06-00244 RMW, 2008 WL 4104116, at *6 (N.D. Cal. Aug. 27, 2008).

Case No.: C 11-03792 PSG
ORDER