UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DCG SYSTEMS, INC., <br><br>　　　　　Plaintiff, <br>　v. <br>CHECKPOINT TECHNOLOGIES, LLC, <br>　　　　　Defendant. | Case No.: C 11-03792 PSG <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL** <br><br>**(Re: Docket No. 109)** |

In this patent infringement suit, Defendant Checkpoint Technologies, LLC ("Checkpoint") moves to compel a further response to interrogatory no. 7.[1] Plaintiff DCG Systems, Inc. ("DCG") opposes the motion. On September 4, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Checkpoint's motion to compel.

Interrogatory no. 7 asks DCG to describe the circumstances under which DCG first became aware of each piece of prior art identified by Checkpoint.[2]

---

[1] Checkpoint's motion to compel originally sought to compel further responses to interrogatory nos. 4, 5, 7, 8 and 9. At the hearing, however, Checkpoint stated that it was satisfied with the supplemental responses that it had received for all of the interrogatories except for no. 7.

[2] <u>Interrogatory No. 7</u>: Separately for each piece of prior art identified in Checkpoint's invalidity contentions, describe in detail the circumstances under which DCG first became aware of the piece of prior art, including the identity of the person or persons involved, the date, and how the person became aware of the art.

1

Case No.: C 11-03792 PSG
ORDER

Checkpoint contends that DCG must further respond to interrogatory no. 7 because the additional information sought is relevant to Checkpoint's inequitable conduct defense. While acknowledging it has yet actually to assert the defense, Checkpoint maintains that it should nevertheless be able to obtain related discovery. Checkpoint believes that individuals involved in the prosecution of the asserted patents withheld from the USPTO certain material, non-cumulative information.

DCG does not dispute that the information sought in interrogatory no. 7 is discoverable even in the absence of a currently pleaded inequitable conduct defense, but responds that all responsive information from any DCG inventors currently employed there has been included in its supplemental response. DCG's problem is with Checkpoint's insistence that DCG include information from four formerly employed DCG inventors. While DCG freely admits that it is paying its outside counsel to represent the former employees in their personal capacity, DCG claims that they are separately represented and their communications with outside counsel are privileged or otherwise protected from disclosure.

"In situations such as this where a former employee is represented by counsel for a defendant corporation for the purpose of testifying at a deposition at no cost to him, courts have not treated the former employee as having an independent right to the privilege, even where that employee believes that he is being represented by that counsel."[3] To the extent that counsel's communications with a former employee are protected by the attorney-client privilege, the privilege thus belongs to the corporation.[4] Here, any asserted privilege by former DCG employees regarding the corporation's knowledge of prior art thus belongs to DCG, not to the individuals.

---

[3] *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc., et al.,* No. 08 Civ. 1533 (BSJ)(JCF), 2011 WL 2020586, at *3 (S.D.N.Y. May 20, 2011) (citing *Wade Williams Distribution, Inc. v. American Broadcasting Companies, Inc.,* No. 00 Civ. 5002, 2004 WL 1487702, at *1 & n. 2 (S.D.N.Y. June 30, 2004) ("The mere volunteered representation by corporate counsel of a former employee should not be allowed to shield information from which there is no independent basis for including within the attorney-client privilege."); *Gioe v. AT&T Inc.,* No. 09 CV 4545, 2010 WL 3780701, at *1-2 & n.1 (E.D.N.Y. Sept. 20, 2010) (applying only corporate defendant's attorney-client privilege although "counsel for Defendant also represents the former employee, at least for purposes of his deposition")).

[4] *See id. See also United States v. Chen,* 99 F.3d 1495, 1502 (9th Cir. 1996) (holding that former employee of corporation cannot waive privilege because it belongs to the corporation).

2
Case No.: C 11-03792 PSG
ORDER

Because the parties agree that the discovery sought in response to interrogatory no. 7 is otherwise discoverable,[5] and no other applicable privilege would otherwise apply, DCG's supplemental response must include information from DCG's former employees as well. No later than October 26, 2012, DCG shall serve a supplemental response to interrogatory no. 7 including information from both DCG's current and former employees.

**IT IS SO ORDERED.**

Dated: 10/17/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[5] *See In re ATM Fee Antitrust Litigation,* 233 F.R.D. 542, 545 (N.D. Cal. 2005) ("Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from other sources under its control"); *Vasudevan Software, Inc. v. Intern'l Business Machines Corp.,* No. C 09-5897 PSG, 2011 WL 1599646, at *2-3 (N.D. Cal. Apr. 27, 2011) (granting accused infringer's motion to compel patentee to provide actual dates and circumstances of when it learned of the prior art and rejecting objection based on attorney-client privilege).