UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DCG SYSTEMS, INC., <br><br> Plaintiff, <br> v. <br><br> CHECKPOINT TECHNOLOGIES, LLC, <br><br> Defendant. | Case No.: C 11-03792 PSG <br><br> **ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO AMEND ITS INVALIDITY CONTENTIONS AND DENYING PLAINTIFF'S CROSS-MOTION TO STRIKE** <br><br> **(Re: Docket No. 136)** |

In this patent infringement case, Defendant Checkpoint Technologies, LLC ("Checkpoint") moves to amend its invalidity contentions. Plaintiff DCG Systems, Inc. ("DCG") opposes the motion, and cross-moves to strike Exhibits 13-21 in Checkpoint's invalidity contentions for failure to comply with Pat. L.R. 3-3. Alternatively, DCG cross-moves to preclude Checkpoint from relying on any detail not already set out in Exhibits 13-21 in Checkpoint's expert reports or at trial. On October 16, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Checkpoint's motion to amend its invalidity contention is GRANTED and DCG's cross-motion to strike is DENIED.

Checkpoint seeks to amend its invalidity contentions because of only recently-uncovered information obtained through discovery. Its proposed amendments to Exhibits 13 (IDS 2500), 16 (IDS 2000), 18 (IDS PICA) and new Exhibit 76 (Emi-Scope-I) all rely on product manuals that

1
Case No.: C 11-03792 PSG
ORDER

DCG produced shortly before Checkpoint previously amended its invalidity contentions. These manuals had been requested approximately five months earlier. In addition, Checkpoint notes that it experienced formatting difficulties with loading the electronic discovery into Summation that further delayed its prior art review.

Checkpoint explains that the proposed amendments to its contentions are all relevant because most of them incorporate references from product manuals for prior art devices and provide the "clearest, most straightforward explanations" regarding their functionality, structure and operation.[1] And as for new Exhibit 76 describing the Emi-Scope-I, Checkpoint argues that DCG has admitted that it is relevant prior art since it claims that it practices the patent claims asserted in this case.

Checkpoint further contends that DCG is not prejudiced by the proposed amendment to Exhibits 13, 16, 18, 19 (200INV), and 26 (Japanese Patent JP 11273432 (the "Nakamura Patent")) because Checkpoint only seeks to add additional evidence to existing claim charts. Checkpoint revealed the theories reflected in Exhibits 13, 16, 18, and 19 long ago and only seeks to add additional evidentiary support and clarification. DCG has already conducted extensive discovery on the devices covered by these exhibits and has been aware of the information that Checkpoint seeks to add by amendment. In addition, Exhibits 13, 16, 18 and 76 relate to devices produced by DCG's predecessor companies and the proposed amendments reflect information already in DCG's possession, custody, or control. Checkpoint believes that good cause exists to allow its proposed amendment.

DCG responds by claiming that Checkpoint has failed to establish the due diligence required to amend its invalidity contentions for Exhibits 13, 16, 18, 19, and 76. DCG does not oppose, however, allowing Checkpoint to amend its invalidity contention for Exhibit 26 (which only replaces an unofficial translation of the Nakamura Patent with a certified one). DCG argues that Checkpoint has been in possession of the remaining exhibits it seeks to add for many months – in the case of the documents produced by DCG, for almost a year, and in the case of Checkpoint's own document, even before the case was filed:

---

[1] *See* Docket No. 136 at 3.

2

Case No.: C 11-03792 PSG
ORDER

- Exhibits 13, 16, and 18 relate to products designed by DCG's corporate predecessor Schlumberger for which Checkpoint received relevant documents on May 29, 2012;
- Exhibit 19 relates to Checkpoint's own product, and Checkpoint created the document on which it seeks to rely in 2004;
- Exhibit 76 relates to Emiscope I, a product designed by DCG's corporate predecessor Optonics for which Checkpoint received a product manual on November 1, 2011.

DCG urges that Checkpoint has a demonstrated record of delay in the case and should not be allowed to amend its invalid contentions one month before discovery closes.[2] DCG also cross-moves to strike Exhibits 13-21 to Checkpoint's invalidity contentions based on (1) Checkpoint's failure to comply with Pat. L.R. 3-3 and (2) Checkpoint's failure to update Exhibits 13-21 as it previously agreed to do.[3]

The court agrees with DCG. Checkpoint has not established the due diligence required to demonstrate that amendment of its invalidity contentions is warranted. While the court is sympathetic with the challenges of electronic discovery, Checkpoint has not shown why it has taken an additional four months to seek further amendment. With but a month left before the fact discovery cut-off, DCG will be prejudiced by the eleventh-hour amendments. This case needs to start coming to a head. Checkpoint, however, may amend Exhibit 26 with the certified translation of the Nakamura Patent and shall do so no later than October 19, 2012.

As for DCG's cross-motion, the court agrees with Checkpoint that it is procedurally defective. The motion to strike should have been separately filed, and not included as part of an opposition to Checkpoint's underlying motion, and on that basis is denied without prejudice to a renewed motion.

---

[2] The court granted Checkpoint's previous motion to amend its invalidity contentions on August 20, 2012. *See* Docket No. 108. In granting the motion, the court pointed out that "any prejudice DCG is mitigated by the substantial time for further discovery permitted under the amended scheduling order" entered that same day and extending fact discovery cut-off from September 27 to November 11, 2012. *See* Docket No. 107.

[3] DCG did not separately move to strike Exhibits 13-21 but rather included this motion in its opposition to Checkpoint's underlying motion to amend its invalidity contentions.

3
Case No.: C 11-03792 PSG
ORDER

1    **IT IS SO ORDERED.**

2    Dated:  10/17/2012

                                        _____
3                                            PAUL S. GREWAL
                                        United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28